DAN MARMALEFSKY (CA SBN 95477)
DMarmalefsky@mofo.com
NEIL S. TYLER (CA SBN 301719)
NTyler@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

MARK DAVID MCPHERSON (CA SBN 307951)
MMcPherson@mofo.com
CHRISTINA NICOLE NEITZEY (CA SBN 330987)
CNeitzey@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendants
CCUR HOLDINGS, INC.; CCUR AVIATION FINANCE, LLC; JDS1, LLC; and IGOR VOLSHTEYN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EHC ASPEN PROPERTIES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CCUR HOLDINGS, INC., a Delaware corporation; CCUR AVIATION FINANCE, LLC, a Delaware limited liability company; JDS1, LLC, a Delaware limited liability company; IGOR VOLSHTEYN, an individual; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 8:21-cv-00758<br><br>**NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332, 1441, AND 1446 [FEDERAL QUESTION AND DIVERSITY JURISDICTION]**<br><br>[Removed from the Superior Court of the State of California, Orange County, Case No. 30-2021-01189890-CU-FR-CJC] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants CCUR Holdings, Inc.; CCUR Aviation Finance, LLC; JDS1, LLC; and Igor Volshteyn (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, based on the following grounds:

**PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

1. On March 15, 2021, Plaintiff EHC Aspen Properties, LLC ("Plaintiff") commenced a civil action in the Superior Court of the State of California for the County of Orange, entitled *EHC Aspen Properties, LLC v. CCUR Holdings, Inc., et al.*, Case No. 30-2021-01189890-CU-FR-CJC (the "State Court Action").

2. On March 23, 2021, Plaintiff served defendants CCUR Holdings, Inc. CCUR Aviation Finance, LLC, and JDS1, LLC with the summons and Complaint. To the best of Defendants' knowledge, this is the earliest date upon which any Defendant was served with the summons and Complaint. On March 29, 2021, Plaintiff served defendant Igor Volshteyn with the summons and an identical copy of the Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders that have been served on Defendants in this action are attached hereto collectively as Exhibit A.

3. None of the Defendants have pled, answered, or otherwise appeared in the State Court Action.

4. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a defendant may file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."

5. This case properly may be removed to this United States District Court pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. The Superior Court of the State of California for the County of Orange is located within the jurisdiction of the United States District Court for the Central District of California. This notice is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

**FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION EXISTS**

6. This action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed pursuant to 28 U.S.C. § 1441(a). The Complaint purports to assert a claim arising under the laws of the United States: a cause of action against all Defendants under the Investment Advisers Act (the "IAA"), codified in 15 U.S.C. § 80b-1 *et seq*. The Complaint cites 15 U.S.C. §§ 80a-15(a) and 80a-15(b) as the basis for its Sixth Cause of Action, alleging that Defendant JDS1, LLC violated the IAA by entering into an alleged profit-sharing agreement with Plaintiff as an unregistered investment advisor, and that Plaintiff may bring an action for equitable relief under the IAA pursuant to 15 U.S.C. § 80b-15(b). (Compl. ¶¶ 95-100.)

7. The IAA is a federal statute, codified in 15 U.S.C. § 80b-1 *et seq.*, and is not expressly prohibited from removal on jurisdictional grounds. *See* 15 U.S.C. § 80b-14. Section 80b-14 provides for jurisdiction in this Court for Plaintiff's claims under § 80b-15:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have jurisdiction of violations of this subchapter [§§ 80b-1 to 80b-21] or the rules, regulations, or orders thereunder, and, concurrently with State and Territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty

created by, or to enjoin any violation of this subchapter or the rules, regulations, or orders thereunder.

15 U.S.C. § 80b-14.

8. Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims, which allege breach of fiduciary duty, professional negligence, professional malpractice, fraud, negligent misrepresentation, and violations of California Corporations Code §§ 25235, 25400 *et seq.*, and 2550 *et seq.* Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case of controversy under Article III of the United States Constitution."

9. To meet the Article III case or controversy standard, the state and federal claims must derive from a "common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). That is the case here. All of Plaintiff's claims are based on the same alleged actions by the Defendants, all of which allege that Defendants caused Plaintiff to lose the entirety of a $3,760,000 investment.[1] (*See, e.g.*, Compl. ¶¶ 1, 20, 57, 60, 69, 71, 74, 75, 78, 80, 85, 87, 93, 95, 100, 101, 105, 107, 113.) In actions removed pursuant to federal question jurisdiction on the basis of asserted IAA claims, courts have exercised supplemental jurisdiction over state law claims similar to the ones asserted by Plaintiff in this case. *See, e.g.*, *Fried v. Lehman Bros. Real Estate Assocs. III, L.P.*, No. 11 Civ. 4141(BSJ), 2012 WL 252139, at *3 (S.D.N.Y. Jan. 25, 2012).

---

[1] This Notice of Removal is based on the allegations in the Complaint, and is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

10. Accordingly, this Court has federal question and supplemental jurisdiction over Plaintiff's claims.

## DIVERSITY JURISDICTION ALSO EXISTS

### The Suit is Between Citizens of Different States

11. Independently, this Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the suit is between "citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000."

12. Under 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state by which it has been incorporated and the state where it has its principal place of business. A limited liability company is a citizen of the states of which each of its members is a citizen. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. On information and belief, at the time of the filing of the State Court Action, at the time of this removal, and at all intervening times, Plaintiff was and has been a limited liability company organized under the laws of the State of California, with its principal place of business in the State of California. (Compl. ¶ 9.) Defendants are not aware of a member of Plaintiff that is or at any relevant time was a citizen of any of the States in which any Defendant is a citizen or resident. *See* Statement of Information, EHC Aspen Props. LLC, Mar. 08, 2016, https://businesssearch.sos.ca.gov/Document/RetrievePDF?Id=201533910096-20479135.

14. At the time of the filing of the State Court Action, at the time of removal, and at all intervening times, Defendant CCUR Holdings, Inc. was and has been incorporated under the laws of Delaware, with its principal place of business in Duluth, Georgia. Accordingly, defendant CCUR Holdings, Inc. is a citizen of the States of Delaware and Georgia.

15. At the time of the filing of the State Court Action, at the time of removal, and at all intervening times, defendant CCUR Aviation Finance, LLC was and has been a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Duluth, Georgia. At the time of the filing of the State Court Action, at the time of removal, and at all intervening times, defendant CCUR Aviation Finance, LLC's sole member was and has been defendant CCUR Holdings, Inc. Accordingly, defendant CCUR Aviation Finance, LLC is a citizen of the States of Delaware and Georgia.

16. At the time of the filing of the State Court Action, at the time of removal, and at all intervening times, defendant JDS1, LLC was and has been a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Fort Lee, New Jersey. At the time of the filing of the State Court Action, at the time of removal, and at all intervening times, defendant JDS1, LLC's sole member was and has been Julian Singer, an individual residing, domiciled, and working in New Jersey. JDS1, LLC, therefore, is a citizen of New Jersey.

17. At the time of the filing of the State Court Action, at the time of removal, and at all intervening times, defendant Igor Volshteyn was and has been an individual residing, domiciled, and working in the State of Texas. Mr. Volshteyn, therefore, is a citizen of the State of Texas.

18. The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441(b)(1). Further, to Defendants' knowledge, no fictitious defendant has been served; thus, none need join in the Notice of Removal. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves.").

19. Accordingly, because Plaintiff is not a citizen of a State in which any Defendant is a citizen, complete diversity existed and continues to exist between Plaintiff and Defendants, both at the time the State Court Action was filed and at the time of removal to this Court.

### The Amount in Controversy Requirement is Satisfied

20. Pursuant to 28 U.S.C. § 1332(a), this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." As the Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

21. Here, this Court's jurisdictional minimum, an amount in controversy in excess of $75,000, is satisfied by the allegations made on the face of the Complaint. Plaintiff's Complaint asserts eight causes of action allegedly arising from Defendants' actions that purportedly caused Plaintiff to lose the entirety of a $3,760,000 investment. (*See, e.g.*, Compl. ¶¶ 1, 20, 57, 69, 74, 78, 85, 93, 100, 105, 113.) Plaintiff prays for an order rescinding the alleged $3,760,000 investment it made, and for compensatory, special, punitive, and treble damages, disgorgement and restitution, costs and attorneys' fees, interest, and equitable relief. (*Id.* at 21-22 (Prayer For Relief).) Thus, on its face, the Complaint seeks damages in excess of $75,000.

22. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, making this action is removable pursuant to 28 U.S.C. § 1441(b).

### NOTICE TO STATE COURT AND OTHER PARTIES

23. Counsel for Defendants certifies that a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California for the

County of Orange, and written notice will be provided to Plaintiff, pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

24. For the reasons set forth herein, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, this action may be removed to this United States District Court.

WHEREFORE, Defendants request that this action be brought to this Court, and that this Court make and enter such further orders as may be necessary and proper.

Dated: April 21, 2021     MORRISON & FOERSTER LLP

By: /s/ Mark David McPherson
    Mark David McPherson

    Attorneys for Defendants
    CCUR HOLDINGS, INC.; CCUR
    AVIATION FINANCE, LLC;
    JDS1, LLC; and IGOR
    VOLSHTEYN