# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| **EHC ASPEN PROPERTIES, LLC,**<br><br>　　　　**Plaintiff,**<br>　**v.**<br><br>**CCUR HOLDINGS, INC.,** *et al.*,<br><br>　　　　**Defendants.** | **Case No.: 8:21-CV-00758-CJC-DFM**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT [Dkt. 26]** |

## I.  INTRODUCTION & BACKGROUND

On March 15, 2021, Plaintiff filed the instant action in Orange County Superior Court against Defendants CCUR Holdings, Inc., CCR Aviation Finance, LLC, JDS1, LLC, and Igor Volshteyn.  (Dkt. 1-2 [State Court Complaint].)  The State Court

Complaint alleged that Plaintiff, EHC Aspen Properties LLC, is a California limited liability company and that Defendant CCUR Holdings, Inc. is a Delaware corporation, while Defendants CCUR Aviation Finance and JDS1 are both limited liability companies organized under the laws of Delaware.  (State Court Complaint ¶¶ 9-12.)  The State Court Complaint also alleged that the remaining defendant, Igor Volshteyn, is an individual residing in Texas.  (*Id.* ¶ 13.)

Seven of the eight causes of action alleged in the State Court Complaint arose under California state law, except for the sixth cause of action which alleged violations of the federal Investment Advisors Act, 15 U.S.C. § 80a-15(a).  (*Id.* ¶¶ 95-100.)  On April 21, 2021, Defendants filed a Notice of Removal to this Court.  (Dkt. 1 [Notice of Removal].)  The Notice of Removal was based upon federal question jurisdiction, coupled with supplemental jurisdiction over the state law claims, and diversity jurisdiction.  (Notice of Removal at 2-6.)

On June 7, 2021, the parties filed a joint stipulation regarding Plaintiff filing a first amended complaint and briefing schedule.  (Dkt. 17 [Joint Stipulation Regarding First Amended Complaint, hereinafter "Joint Stipulation"].)  In the Joint Stipulation, the parties agreed that Plaintiff would file a First Amended Complaint, "which will only delete Plaintiff's claim under the Investment Advisor Act and disclose the ownership residency of the Plaintiff[.]"  (Joint Stipulation at 2.)  On June 17, 2021, Plaintiff filed the First Amended Complaint which removed Plaintiff's claim under the Investment Advisors Act and alleged that one of the Plaintiff's members, Luis Serrano, "is, and at the time of the filing of the original Complaint in this action, a citizen of the State of Texas, residing in the City of Austin."  (Dkt. 19 [First Amended Complaint, hereinafter "FAC"] ¶ 10.)

Now before the Court is Plaintiff's motion to remand the case to Orange County Superior Court.  (Dkt. 26 [Motion to Remand, hereinafter "Mot."].)  Plaintiff asserts that since it has removed the only federal cause of action from its initial complaint and alleged that one of the Plaintiff's members is of the same citizenship as Defendant Volshteyn, the court should remand the case because only state law claims remain and there is no diversity of citizenship.  (Mot. at 2.)  For the following reasons, Plaintiff's motion to remand this case to Orange County Superior Court is **GRANTED**. [1]

## II.  LEGAL STANDARD

While a court retains subject-matter jurisdiction despite "post-removal amendments to the pleadings" because "whether a case is removable . . . is determined solely on the basis of the pleadings filed in state court," *Williams v. Costco Wholesale Corp.,* 471 F.3d 975, 976 (9th Cir. 2006) (per curiam), a court's exercise of supplemental jurisdiction over remaining state law claims is discretionary, *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209-10 (C.D. Cal. 2013).  A district court may decline "supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  In exercising this discretion, courts are instructed to consider the factors of "judicial economy, convenience, fairness, and comity[.]"  *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).  These factors weigh strongly in favor of remand where all federal claims are dismissed before trial.  *See Horne*, 969 F. Supp. 2d at 1207–08, 1210; *see also Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); *Bay Area Surgical Mgmt. v.*

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for August 30, 2021, at 1:30 p.m. is hereby vacated and off calendar.

*United Healthcare Ins. Co.*, 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) (court declined to exercise supplemental jurisdiction and remanded the case "in the interests of judicial economy, convenience, fairness, and comity," when "the federal claims were eliminated at the pleading phase").

## III.  DISCUSSION

While Defendants maintain that judicial economy, convenience, fairness, and comity counsel the Court to retain the present matter, "[w]hen the balance of these factors indicate[] that a case properly belong[s] in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction[.]"  *Carnegie-Mellon*, 484 U.S. at 350.  Indeed, when a "single federal-law claim in the action" is "eliminated at an early stage of the litigation, the District Court ha[s] *a powerful reason* to choose not to continue to exercise jurisdiction."  *Id*. at 351 (emphasis added).  Since no federal claims remain in this case, this Court has such a "powerful reason" to remand this case.[2]

Defendants' argument that federal question jurisdiction still exists even though Plaintiffs have eliminated their federal cause of action is not persuasive.  (Dkt. 28 [Defendants' Opposition to Motion to Remand, herein after "Opp."] at 15-17.) Defendants argue that the FAC's sixth cause of action turns on the allegation that Defendants failed to register as investment advisors or investment advisory firms with the SEC.  (Opp. at 15.)  Defendants maintain that whether a party is required to register with the SEC presents a federal law issue and thus federal question jurisdiction exists.  (*Id*.)

---

[2] Defendants argue forcefully that this Court should decide the issue of personal jurisdiction presented in their motion to dismiss before deciding the motion to remand.  However, since declining to exercise supplemental jurisdiction "involve[s] no arduous inquiry," and "both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of [this] issue first," the Court declines to do so.  *Ruhrgas AG. v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).

However, the issue presented here is not whether the investors were *required to register* under federal law, but whether factually Defendants did so.  This matter of fact can be determined without consulting federal law.  And even if this question does present a "federal issue," such claims are not "a password opening federal courts to any state action embracing a point of federal law."  *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005).  Since the sixth cause of action in Plaintiff's FAC concerns violations of California Corporations Code Section 25235, which can be resolved without "necessarily rais[ing] a stated federal issue," Defendants' argument fails.  *Id.*

Additionally, other factors in this case favor remand.  The history of this case before this Court is brief, spanning less than four months.  Over this brief period, this Court has not made any substantive rulings on issues presented in this case, including Defendants' pending motions to dismiss and transfer the matter.  While Defendants complain that remanding the case will force the parties to repeat the process of filing their pending motions in state court, "tax[ing] judicial resources," remanding this matter presents no such risk.  (Opp. at 10.)  Judicial resources will not be taxed, nor duplicated, should the state court decide these motions since this Court has not decided either of them. [3]

Finally, the parties do not dispute that diversity no longer exists between the parties.  A limited liability company, like Plaintiff, "is a citizen of every state of which its owners/members are citizens."  Here, Luis Serrano, one of the Plaintiff's members, is a citizen of Texas.  Defendant Igor Volshteyn is also a citizen of Texas.  Thus, diversity no longer exists among the parties and diversity jurisdiction cannot save the case from remand.

---

[3] Defendants' argument that Plaintiff's Motion should be denied on the independent basis that the motion is "an unabashed attempt to shop for a forum," (Opp. at 13.), is similarly unpersuasive.  As noted, Defendants stipulated to the amendments Plaintiff made to their Complaint, including the dismissal of the federal cause of action.

**IV.  CONCLUSION**

Accordingly, Plaintiff's motion to remand is **GRANTED** and the Court **REMANDS** the case to Orange County Superior Court.  Defendants' motion for dismissal and motion to transfer, (Dkts. 23, 25), are **DENIED AS MOOT**.

DATED:     August 18, 2021

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE